UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
DAVID CARTER,                                                     :
                                                                  :        **ANSWER TO COMPLAINT**
                    Plaintiff,                                    :
                                                                  :
            - against -                                           :        12-CV-09087 (LTS)(AJP)
                                                                  :
NY STATE C.O. J. CARROLL                                          :
(male) who worked 7-3 tour @ complex #1 F-Block                   :
December 6th 2012 Downstate Correctional Facility                 :
                                                                  :
                    Defendant.                                    :        Pro Se Case
------------------------------------------------------------------x

The defendant James P. Carroll ("Defendant" or "Carroll"), currently employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), by his attorney, ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, denies each and every allegation not expressly and specifically admitted below and answers the plaintiff's Complaint, as follows:

I. **Parties in this complaint:**

1.    Denies the allegations set forth in Section I(A), except admits that plaintiff was in custody at Downstate Correctional Facility ("Downstate") during the time the incident in question occurred, but currently is incarcerated at Great Meadow Correctional Facility.

2.    Denies the allegations set forth in Sections I(B) of the Complaint, except admits that, at the relevant time, defendant was and still is an employee of DOCCS at Downstate.

II. **Statement of Claim:**

3.    Denies any allegation of fact set forth in Sections II(A)-(C), except admits that plaintiff was in custody at Downstate during the time the incident in question occurred.

1

4. With respect to the allegations in Section II(D), defendant denies knowledge or information sufficient to form a belief as to these allegations.

**III. <u>Injuries</u>:**

5. Section III of the Complaint, entitled "Injuries," contains no allegations against defendant, and thus no answer is required. To the extent an answer is required, denies plaintiff sustained any injuries from defendant's conduct, otherwise defendant denies knowledge or information sufficient to form a belief as to the allegations in Section 3.

**IV. <u>Exhaustion of Administrative Remedies</u>:**

6. Answering Section IV(A) of the Complaint, admits that the claims plaintiff purports to assert arose in Downstate for purposes of determining the exhaustion issue, otherwise denies.

7. Denies the allegations contained in Sections IV(B), IV(C), IV(D), and IV(E) of the Complaint, except admits that Downstate has inmate grievance procedures that would address the type of claims alleged in plaintiff's Complaint, but denies knowledge and information sufficient to form a current belief as to whether plaintiff exhausted available administrative remedies as to his claims.

8. Denies the allegations contained in Sections IV(F) and IV(G).

**V. <u>Relief</u>:**

9. Denies plaintiff is entitled to any relief in Section V.

**VI. <u>Previous lawsuits</u>:**

10. Denies information and knowledge sufficient to form a belief as to the truth of the allegations contained in Sections VI(A)-(D) of this Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

11. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

12. Plaintiff's claims may be barred, in whole or in part, by the doctrine of res judicata and/or by the doctrine of collateral estoppel.

### THIRD DEFENSE

13. To the extent that plaintiff asserts claims against defendant in his official capacity, the action is barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

### FOURTH DEFENSE

14. Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust available administrative remedies and/or to complete statutory prerequisites for bringing his claim.

### FIFTH DEFENSE

15. Plaintiff's claims may be barred, in whole or in part, through his words, conduct and/or actions, which estop the claims asserted in his Complaint.

### SIXTH DEFENSE

16. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches and/or statutes of limitations.

## SEVENTH DEFENSE

17. Defendant is entitled to qualified immunity in that his conduct did not violate clearly established law or that defendant was objectively reasonable in believing that his conduct conformed to the law.

## EIGHTH DEFENSE

18. To the extent plaintiff may allege any claim under state law, this Court has no jurisdiction to hear such claim.

## NINTH DEFENSE

19. To the extent plaintiff may allege any claim under state law, defendant has statutory immunity from such claim.

## TENTH DEFENSE

20. To the extent plaintiff may allege any claim under state law, defendant is immune under § 24 of the Corrections Law of New York State from any such claim.

## JURY TRIAL DEMANDED

21. Defendant requests a trial by jury.

**WHEREFORE**, defendant Caroll demands judgment dismissing the Complaint, together with costs and disbursements and reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 7, 2013

                                              Respectfully submitted,

                                              ERIC T. SCHNEIDERMAN
                                              Attorney General of the
                                               State of New York
                                              <u>Attorney for Defendant</u>
                                              120 Broadway
                                              New York, New York 10271

By:    <u>/s/ Frederick Wen</u>
        FREDERICK H. WEN
        Assistant Attorney General
        120 Broadway, 24th Floor
        New York, New York 10271
        (212) 416-6536
        (212) 416-6075/6076/6009 (fax)
        Fred.Wen@ag.ny.gov

**DECLARATION OF SERVICE**

  FREDERICK H. WEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows: that on June 7, 2013, he served the annexed Answer to Complaint by having it mailed to the pro se plaintiff via the United States Postal Service to the following address:

    David Carter
    DIN 12-A-5083
    Great Meadow Correctional Facility
    11739 State Route 22
    P.O. Box 51
    Comstock, NY 12821-0051

    /s/ Frederick Wen_____
    FREDERICK H. WEN
    Assistant Attorney General
    120 Broadway
    New York, New York 10271
    (212) 416-6536
    (212) 416-6075/6076/6009 (fax)
    Fred.Wen@ag.ny.gov

Executed on June 7, 2013