UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                        :

DAVID CARTER,                                  :

                Plaintiff,                      :

        - against -                     :         12-CV-09087 (LTS)

NY STATE C.O. J. CARROLL,         :

                Defendant.              :        <u>Pro</u> <u>Se</u> Case
----------------------------------------------------------------x

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
# TO PLAINTIFF'S MOTION FOR RECONSIDERATION

                                            ERIC T. SCHNEIDERMAN
                                            Attorney General of the
                                             State of New York
                                            <u>Attorney for Defendant</u>
                                             120 Broadway, 24th Floor
                                             New York, New York 10271
                                             (212) 416-6536

FREDERICK H. WEN
Assistant Attorney General
      <u>of Counsel</u>

February 24, 2014

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL AND PROCEDURAL HISTORY .............................................................................1

STANDARD OF REVIEW ..........................................................................................................4

ARGUMENT .................................................................................................................................5

    POINT I
    THIS COURT WAS DIVESTED OF JURISDICTION TO GRANT
    PLAINTIFF'S MOTION FOR RECONSIDERATION WHEN HE FILED HIS
    NOTICE OF APPEAL…………………………………………………………………….5

    POINT II
    IN ANY EVENT, PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE
    HE SEEKS TO RE-LITIGATE HIS EXHAUSTION EXCUSE, BUT FAILS TO
    POINT TO ANY FACTS OR LAW THE COURT OVERLOOKED……………...........6

CONCLUSION..............................................................................................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID CARTER,

                Plaintiff,

             - against -

NY STATE C.O. J. CARROLL,

                Defendant.
-----------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

12-CV-09087 (LTS)

Pro Se Case

## PRELIMINARY STATEMENT

Defendant Correction Officer James Carroll ("Defendant" or "C.O. Carroll"), an employee of the New York State Department of Corrections and Community Supervision ("DOCCS"), submits this memorandum of law in opposition to the plaintiff's motion for reconsideration of this Court's December 17, 2013 Memorandum Order granting Defendant's motion for summary judgment and dismissing the Complaint for his failure to exhaust available administrative remedies. (Dkt. #75). In his motion for reconsideration, the pro se plaintiff David Carter repeats his claims that he felt too threatened by the non-party Sgt. Cipollini to file a grievance. Id. at 1-2. For the reasons discussed below, this Court should deny Plaintiff's motion for reconsideration because he merely seeks to re-litigate his exhaustion excuses and fails to point to any facts or controlling law the Court overlooked.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleged that on December 6, 2012, at 1:30 p.m., while he was in custody at Downstate Correction Facility ("Downstate"), "after [b]eing attacked by a 'gang member' . . . in front of [his] cell as to where [he] had to defend [him]self against [the] inmate who attacked [him]." (Dkt. #1, Compl. at 2-3).[1] Plaintiff alleged that "[w]hile [he was] on top of[] [the] inmate who

---

[1] Defendant refers to the page numbers assigned by the ECF system to the Complaint.

1

attacked [him]," defendant "Officer Car[r]oll hit [him] in [his] back with [a] night stick repeatedly." Id. at 3. Plaintiff admitted in his Complaint, which was filed on December 9th, just three days after the December 6th incident, that "[f]earing retaliation[,] [he] chose to just file [this Section] 1983 for now," rather than file a grievance because he feared retaliation from Sgt. Cipollini. Id. at 6, 9.

It is undisputed that Plaintiff did not file a formal grievance while at Downstate, in the Special Housing Unit ("SHU") immediately after the December 6, 2012 incident, or after he had been transferred to Great Meadow Correctional Facility ("Great Meadow"). See Dkt. #52, Def.'s L.R. 56.1 Statement at ¶¶29, 33, 42. In the section of the Complaint asking if the inmate did not file a grievance, but informed any officials of his claim, to state who he informed and when, Plaintiff stated that on December 6, 2012, at about 1:40 pm, he "verbally attempted to explain to Sgt. Cip[]ol[l]ini," but the "se[]rgeant stated he would break [plaintiff's] neck and charge [him] with assault if [he] did not shut up." Compl. at 7. Plaintiff was aware of the Inmate Grievance Program while he was at Downstate, but claimed he was afraid to use it for "[f]ear for [his] safety and getting more time for a false charge of assault." See Def.'s L.R. 56.1 Statement at ¶37.

However, it is also undisputed that neither Defendant Carroll nor non-party Sgt. Cipollini did anything to prevent Plaintiff from filing a grievance while he was in SHU. Id. at ¶¶40-41. DOCCS' Central Office Review Committee ("CORC"), the body that renders final administrative decisions under DOCCS's Inmate Grievance Program ("IGP"), confirmed that there are no records of any appeals for any grievances filed by Plaintiff as of May 2, 2013. Id. at ¶43.

On August 9, 2013, Defendant moved for summary judgment arguing, inter alia, that the Complaint should be dismissed due to Plaintiff's failure to exhaust his administrative remedies before filing the Complaint three days after the incident. (Dkt. #46, #53 at 7-13). Plaintiff served an undated opposition memorandum of law on or about July 29, 2013, even before Defendant filed his

2

motion, but the opposition merely reiterated his exhaustion excuse that he was too afraid to file a grievance based on the alleged threat of retaliation by non-party Sgt. Cipollini. (Dkt. #56, Pl.'s Mem. of Law in Opp'n of Def.'s Summ. J. Mot. at 1). Plaintiff filed a cover letter to the Court, dated August 7, 2013 and entered on August 19, 2013, stating that his prior memorandum of law that was submitted to Magistrate Judge Peck was his only response to Defendant's upcoming motion. (Dkt. #59).[2] On August 22, 2013, Defendant's reply memorandum of law was filed. (Dkt. #61).

On December 17, 2013, this Court granted Defendant's motion for summary judgment based on Plaintiff's failure to exhaust and dismissed the Complaint. (Dkt. #72, Mem. Order at 6). This Court discussed the Second Circuit three-part inquiry to determine whether an inmate's failure to exhaust may be excused, and the applicable parts of whether threats by prison officials rendered the grievance process unavailable. See Mem. Order at 4-5 (citing Hemphill v. State of New York, et al., 380 F.3d 680, 686 (2d Cir. 2004)). This Court found that the "substance of Cipollini's alleged statement, while disturbing, is insufficiently linked to the grievance process to have rendered the grievance process, of which Carter acknowledges he was aware, unavailable to him, or to any similarly situated individual." Id. at 5 (citing Snyder v. Whittier, 428 F. App'x 89, 91 (2d Cir. 2011)). Furthermore, this Court found that, even if the threat was intimidating enough to preclude Plaintiff from grieving while he was near Cipollini, Plaintiff still had the opportunity to grieve after he was brought to SHU and after he had been transferred to Great Meadow. Id. at 5-6.

On December 23, 2013, Plaintiff submitted a notice of appeal from the grant of summary

---

[2] Plaintiff later submitted an "Affidavit in Further Support to Oppose Defendant's Summary Judg[]ment Motion," dated August 12, 2013, and a "Local Rule 56.1 Counter Statement," dated April 27, 2013, but likely actually dated August 27, 2013. (Dkt. ##69-70). Both of these documents should be disregarded because they were filed after Plaintiff stated to the Court that he was not going to submit any other response, and were not docketed until December 10, 2013. In any event, they merely reiterate Plaintiff's repeated exhaustion excuse and claims that there were other officers available who could have separated him from the other inmate. (Dkt. #69 at 1).

3

judgment, but it was filed by the Clerk on January 2, 2014. (Dkt. #76, Pl.'s Notice of Appeal). On the same date as his notice of appeal, Plaintiff served his motion for reconsideration, but this motion was filed by the Clerk five days later on January 7, 2014. (Dkt. #75, Pl.'s Mot. for Reconsideration). In his motion, Plaintiff claims that when he checked "yes" on whether he filed a grievance in his Complaint, he meant that he had "verbally grieved with Se[]rgeant after the first and second assault," and he "had the notion to file a gr[i]ev[]ance up until the point where [Sgt. Cipollini] threatened to do bodily harm and jeopardize my freedom by stating he would charge me with assault on staff. . . ." Id. at 1. Plaintiff also claims that even after he left SHU after twenty-eight days and was returned to Downstate's 1F gallery, he was too afraid to grieve because Defendant C.O. Carroll and Sgt. Cipollini were still working there, and that he did not transfer to Great Meadow until seventy days after the incident. Id. at 1-2. On February 5, 2014, this Court granted Defendant's extension request to file any opposition by February 24, 2014. (Dkt. #78).

## STANDARD OF REVIEW

A motion for reconsideration is an exceptional remedy and generally will be denied unless the movant can "demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'" -- matters "that might reasonably be expected to alter the conclusion reached by the court." Hopkinson v. Estate of Richard Siegal, et al., No. 10-CV-1743 (LBS), 2011 U.S. Dist. LEXIS 76071, at *1 (S.D.N.Y. July 12, 2011) (quoting, inter alia, Doe v. NYC Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983) and Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Alternatively, a motion for reconsideration may be granted to correct a clear error or prevent manifest injustice." Montalvo v. United States, No. 11-CV-6864 (LTS)(FM), 2013 U.S. Dist. LEXIS 82082, at *3 (S.D.N.Y. June 11, 2013) (internal quotation marks and citation omitted).

"However, [a] party may not re-litigate an already decided issue on a motion for

4

reconsideration, . . . because a mere disagreement with the Court's legal determination is not a valid basis for reconsideration." Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co., No. 08-CV-10518 (LAP), 2011 U.S. Dist. LEXIS 36364, at **2-3 (S.D.N.Y. Apr. 4, 2011) (internal quotations and citation omitted).  Moreover, "[a Local Civil Rule 6.3] motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion . . . [n]or . . . a chance for a party to take a 'second bite at the apple.'" Norton v. Town of Islip, No. 04-CV-3079 (NGG)(WDW), 2013 U.S. Dist. LEXIS 2266, at **11 (E.D.N.Y. Jan. 7, 2013) (citations omitted).

## ARGUMENT

### POINT I

**THIS COURT WAS DIVESTED OF JURISDICTION TO GRANT PLAINTIFF'S MOTION FOR RECONSIDERATION WHEN HE FILED HIS NOTICE OF APPEAL.**

"Generally, '[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" Whitaker v. N.Y. Univ., No. 09-CV-8410 (LTS), 2012 U.S. Dist. LEXIS 87619, at *4 (S.D.N.Y. June 20, 2012) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1983), superseded on other grounds by FED. R. APP. P. 4(a)(4) (1993)). "A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996) (citation omitted). "However, Rule 62.1 of the Federal Rules of Civil Procedure provides expressly that, when a district court lacks authority to grant a motion for relief because an appeal has been docketed and is pending, the district court may: '(a) defer considering the motion; (b) deny the motion; or (c) state either that it would grant the motion if the [court of] appeals remands for that purpose or that the motion raises

5

a substantial issue.'" Whitaker, 2012 U.S. Dist. LEXIS 87619, at *4 (quoting FED. R. CIV. P. 62.1(a)).

As noted above, while Plaintiff submitted his notice of appeal and motion for reconsideration on the same date, the Clerk filed the appeal five days before the motion. (Dkt. ##75-76). Because Plaintiff's motion raises the same issues as will be decided by the appeal, under FED. R. CIV. P. 62.1(a), this Court was divested of jurisdiction to grant Plaintiff's motion because his appeal was docketed first and is pending. Thus, this Court may only: "(a) defer considering the motion; (b) deny the motion; or (c) state either that it would grant the motion if the [court of] appeals remands for that purpose or that the motion raises a substantial issue." Whitaker, 2012 U.S. Dist. LEXIS 87619, at *4. Because the appeal is still pending before the Second Circuit under docket No. 14-149, has not been remanded to this Court for consideration of Plaintiff's motion, and this motion does not raise any substantial issues, this Court only has jurisdiction to defer or deny the motion. As discussed below, there is nothing that Plaintiff has submitted that warrants either the deferral or granting of the motion upon a potential remand and thus, this Court should deny the motion.

## POINT II

### IN ANY EVENT, PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE HE SEEKS TO RE-LITIGATE HIS EXHAUSTION EXCUSE, BUT FAILS TO POINT TO ANY FACTS OR LAW THE COURT OVERLOOKED.

In any event, Plaintiff's motion for reconsideration should be denied because he fails to meet the high standards required for granting such motions. Plaintiff's motion merely seeks to re-litigate his exhaustion excuse that he was too afraid of retaliation by Sgt. Cipollini to grieve the incident with Defendant C.O. Carroll while he was in SHU, and even after he left SHU after twenty-eight days and was returned to Downstate's 1F gallery, he was too afraid to grieve because Carroll and Sgt. Cipollini were still working there, and that he did not transfer to Great Meadow until seventy

6

days after the incident.  See Pl.'s Mot. for Reconsideration at 1-2.  However, Plaintiff ignores the fact that his exhaustion excuses are belied by the fact that he filed this Section 1983 Complaint a mere three days after the December 6, 2012 incident.  Thus, Plaintiff chose not to wait until after he left SHU or was transferred to Great Meadow before filing this Complaint, let alone even attempting to file a grievance.

Moreover, this Court cited the controlling Second Circuit case law and found that none of the three excuses justifying an inmate's failure to exhaust were applicable.  See Mem. Order at 4-6 (citing Hemphill, 380 F.3d at 686, and Snyder, 428 F. App'x at 91).  Plaintiff has failed to submit any controlling legal decisions or new facts that this Court may have overlooked, and has not asserted any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Shrader, 70 F.3d at 257.  Plaintiff's "mere disagreement with the Court's legal determination is not a valid basis for reconsideration."  Women's Integrated Network, Inc., 2011 U.S. Dist. LEXIS 36364, at **2-3.  Accordingly, Plaintiff's motion should be denied because he seeks a "second bite at the apple" by re-litigating the same exhaustion excuse that was rejected by this Court and which will be decided on appeal.  Norton, 2013 U.S. Dist. LEXIS 2266, at **11.

7

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration should be denied.

Dated:  New York, NY
　　　　February 24, 2014　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　ERIC T. SCHNEIDERMAN
　　　　　　　　　　　　　　　　　　　　　　　Attorney General of the
　　　　　　　　　　　　　　　　　　　　　　　　State of New York
　　　　　　　　　　　　　　　　　　　　　　　<u>Attorney for Defendant</u>
　　　　　　　　　　　　　　　　　　　　　　　120 Broadway
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10271

　　　　　　　　　　　　　　　　　　　By:　　<u>/s/ Frederick Wen　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　FREDERICK H. WEN
　　　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　　　　120 Broadway, 24th Floor
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10271
　　　　　　　　　　　　　　　　　　　　　　　(212) 416-6536
　　　　　　　　　　　　　　　　　　　　　　　(212) 416-6075/6076/6009 (fax)
　　　　　　　　　　　　　　　　　　　　　　　Fred.Wen@ag.ny.gov

## **DECLARATION OF SERVICE**

FREDERICK H. WEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows: that on February 24, 2014, he served the annexed Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration on the pro se plaintiff by having it mailed via the United States Postal Service to the following address:

>David Carter
>DIN 12-A-5083
>Clinton Correctional Facility
>P. O. Box 2000
>Dannemora, NY 12929

/s/ Frederick Wen
FREDERICK H. WEN
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-6536
(212) 416-6075/6076/6009 (fax)
Fred.Wen@ag.ny.gov

Executed on February 24, 2014